JOYCE R. BRANDA
Acting Assistant Attorney General
MELINDA L. HAAG
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
VICKEY L. QUINN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA 94102
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: vickey.l.quinn@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>ALECIO SHIPPING INC.; FAM MARINE SERVICES, INC.; SHOTON MARITIME, LTD; SERAFIM SOFIANTIS, an individual; KONSTANTINOS PAPAGEORGIOU, an individual; and UNKNOWN DEFENDANTS 1-10,<br><br>       Defendants. | Case No.:<br><br><br><br>IN ADMIRALTY<br><br><br>VERIFIED COMPLAINT OF THE UNITED STATES |

VERIFIED COMPLAINT                     1

Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is a case of admiralty and maritime jurisdiction against Defendants ALECIO SHIPPING INC.; SHOTON MARITIME, LTD; SERAFIM SOFIANTIS; KONSTANTINOS PAPAGEORGIOU; FAM MARINE SERVICES, INC.; and UNKNOWN DEFENDANTS 1-10, *in personam* (collectively "DEFENDANTS"), as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2.      The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present DEFENDANTS herein.

## JURISDICTION AND VENUE

3.      The United States is authorized to bring this suit and the Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717, and 42 U.S.C. § 9613.

4.      Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. §§ 1391, 33 U.S.C. § 2717, and 42 U.S.C. § 9613.

5.      The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*., to recover any and all removal costs and damages incurred directly by the

Fund, any removal costs and damages incurred by the Fund through compensation paid to

any claimant, and all costs incurred by the Fund by reason of any such claims, including

interest, prejudgment interest, adjudicative costs, and attorney's fees.  Pursuant to the Oil

Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by

subrogation, or may in the future acquire by subrogation, the rights of any claimant or

State paid compensation from the Fund, and the United States specifically reserves the

right to amend this Verified Complaint to assert any or all such subrogated rights and

claims.

## DEFENDANTS

6.     At all times material herein, the tugs M/V LION (hereafter "LION") and

the M/V TIGER (hereafter "TIGER") (or collectively the "Vessels") were vessels

believed owned by, among others, a foreign corporation and operated in the United States

and at all material times hereto were within the jurisdiction of this Court with respect to

the matter alleged in this Complaint.

7.     At all times material herein, defendant ALECIO SHIPPING INC.

("ALECIO SHIPPING"), pursuant to information or belief, was originally a foreign

corporation or entity, presently believed to have been incorporated in the Marshall

Islands, had a place of business and/or was doing business within this district and within

the jurisdiction of this Court, including but not limited to, through, *inter alia*, the

ownership or operation of the Vessels at the time of, and with respect to, the matters sued

upon herein. At all material times, ALECIO SHIPPING and all persons and entities using

the said company as a purported business front, as well as all alter egos of said company had, and continue to have, places of business and were doing business, and continue to do business, within this district and within the jurisdiction of this Court.

8.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, was the owner of the Vessels.

9.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, was the owner *pro hac vice* of the Vessels.

10.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, was the operator of the Vessels.

11.     At all times material herein, defendant ALECIO SHIPPING,  based upon information and belief, was the manager of the Vessels.

12.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, was the charterer of the Vessels.

13.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, controlled the Vessels.

14.     At all times material herein, defendant ALECIO SHIPPING, based upon information and belief, was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

15.     Defendant ALECIO SHIPPING was annulled on or about June 15, 2012. This action is brought against ALECIO SHIPPING within three years of its being dissolved.

16.     Upon its dissolution, ALECIO SHIPPING remained liable for all prior debts, liabilities, and obligations of ALECIO SHIPPING by operation of law.

17.     At all times material herein defendant SHOTON MARITIME, LTD ("SHOTON MARITIME"), was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of ALECIO SHIPPING.

18.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through, *inter alia*, the ownership or operation of the Vessels at the time of, and with respect to, the matters sued upon herein.

19.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, owned the Vessels by operation of law.

20.     At all times material herein, defendants SHOTON MARITIME, based upon information and belief, was the owner *pro hac vice* of the Vessels by operation of law.

21.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, operated the Vessels by operation of law.

22.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, managed the Vessels by operation of law.

VERIFIED COMPLAINT                    5

23.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, chartered the Vessels by operation of law.

24.     At all times material herein, defendant SHOTON MARITIME, based upon information and belief, controlled the Vessels by operation of law.

25.     At all times material herein, defendant SHOTON MARINE, based upon information and belief, was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

26.     At all times material herein defendant SERAFIM SOFIANTIS was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of ALECIO SHIPPING.

27.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through, *inter alia*, the ownership or operation of the Vessels at the time of, and with respect to, the matters sued upon herein.

28.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, owned the Vessels by operation of law.

29.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, was owner *pro hac vice* of the Vessels by operation of law.

30.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, operated the Vessels by operation of law.

31.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, managed the Vessels by operation of law.

32.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, chartered the Vessels by operation of law.

33.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, controlled the Vessels by operation of law.

34.     At all times material herein, defendant SERAFIM SOFIANTIS, based upon information and belief, was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

35.     At all times material herein defendant KONSTANTINOS PAPAGEORGIOU was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of ALECIO SHIPPING.

36.     At all times material herein, defendant KONSTANTINOS PAPAGEORGIOU, based upon information and belief, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through, *inter alia*, the ownership or operation of the Vessels at the time of, and with respect to, the matters sued upon herein.

37.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, owned the Vessels by operation of law.

38.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, was the owner *pro hac vice* of the Vessels by operation of law.

39.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, operated the Vessels by operation of law.

40.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, managed the Vessels by operation of law.

41.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, chartered the Vessels by operation of law.

42.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, controlled the Vessels by operation of law.

43.     At    all    times    material    herein,    defendant    KONSTANTINOS PAPAGEORGIOU, based upon information and belief, was within the scope of entities

specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

44.    At all times material herein, defendant FAM MARINE SERVICES, INC. (hereafter "FAM MARINE"), based upon information and belief, is a Texas corporation, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through, *inter alia*, the ownership or operation of the Vessels at the time of, and with respect to, the matters sued upon herein.

45.    At all times material herein, defendant FAM MARINE, based upon information and belief, owned the Vessels.

46.    At all times material herein, FAM MARINE, based upon information and belief, was owner *pro hac vice* of the Vessels.

47.    At all times material herein, defendant FAM MARINE, based upon information and belief, operated the Vessels.

48.    At all times material herein, defendant FAM MARINE, based upon information and belief, managed the Vessels.

49.    At all times material herein, defendant FAM MARINE, based upon information and belief, chartered the Vessels.

50.    At all times material herein, defendant FAM MARINE, based upon information and belief, controlled the Vessels.

51.     At all times material herein, defendant FAM MARINE, based upon information and belief, was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

52.     At all times material herein defendant UNKNOWN DEFENDANTS 1-10 was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of ALECIO SHIPPING.

53.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through, *inter alia*, the ownership or operation of the Vessels at the time of, and with respect to, the matters sued upon herein.

54.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, owned the Vessels by operation of law.

55.     At all times material herein, defendants UNKNOWN DEFENDANTS 1-10, based upon information and belief, was the owner *pro hac vice* of the Vessels by operation of law.

56.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, operated the Vessels by operation of law.

57.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, managed the Vessels by operation of law.

58.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, chartered the Vessels by operation of law.

59.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, controlled the Vessels by operation of law.

60.     At all times material herein, defendant UNKNOWN DEFENDANTS 1-10, based upon information and belief, were within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

61.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant ALECIO SHIPPING is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

62.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant SHOTON MARITIME is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

63.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant SERAFIM SOFIANTIS is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

64.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant KONSTANTINOS PAPAGEORGIOU is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

65.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant FAM MARINE is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

66.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant UNKNOWN DEFENDANTS 1-10 are "responsible parties" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

67.     At all times material herein, defendant ALECIO SHIPPING, defendant SHOTON MARITIME, defendant SERAFIM SOFIANTIS, defendant FAM MARINE, and defendant KONSTANTINOS PAPAGEORGIOU, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents and/or alter egos of each other with respect to the matters alleged in this Complaint and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

68.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant ALECIO SHIPPING is a responsible party and/or covered person within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

69.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant SHOTON MARITIME is a responsible party and/or covered person within the meaning of CERCLA, 42 U.S.C. § 9601, et seq.

70.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant SERAFIM SOFIANTIS is a responsible party and/or covered person within the meaning of CERCLA, 42 U.S.C. § 9601, et seq.

71.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant KONSTANTINOS PAPAGEORGIOU is a responsible party and/or covered person within the meaning of CERCLA, 42 U.S.C. § 9601, et seq.

72.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant FAM MARINE is a responsible party and/or covered person within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

73.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant UNKNOWN DEFENDANTS 1-10 are responsible parties and/or covered persons within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

74.     At all times material herein, defendant ALECIO SHIPPING, defendant SHOTON MARITIME, defendant SERAFIM SOFIANTIS, defendant FAM MARINE, and defendant KONSTANTINOS PAPAGEORGIOU, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents and/or alter egos of each other with respect to the matters alleged in this Complaint and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

75.   Defendant ALECIO SHIPPING was, and is, a mere sham and was organized and operated as the alter ego of defendants SHOTON MARITIME, SERAFIM SOFIANTIS, and KONSTANTINOS PAPAGEORGIOU for their personal benefit and advantage, in that SHOTON MARITIME, SERAFIM SOFIANTIS, and KONSTANTINOS PAPAGEORGIOU have at all relevant times mentioned herein exercised total dominion and control over ALECIO SHIPPING.  SHOTON MARITIME, SERAFIM SOFIANTIS, and KONSTANTINOS PAPAGEORGIOU were the first and, the United States is informed and believes and alleges on information and belief, the only members of ALECIO SHIPPING.  SHOTON MARITIME, SERAFIM SOFIANTIS, KONSTANTINOS PAPAGEORGIOU, and ALECIO SHIPPING so intermingled their personal and financial affairs that ALECIO SHIPPING was, at all material times, the alter ego of SHOTON MARITIME, SERAFIM SOFIANTIS, and KONSTANTINOS PAPAGEORGIOU.

76.   At all times material herein, and pursuant to information or belief, defendants SHOTON MARITIME, SERAFIM SOFIANTIS, and KONSTANTINOS PAPAGEORGIOU, as well as other persons or entities whose identities are not yet known, but whose identities will be sought in discovery, controlled ALECIO SHIPPING and engaged in improper conduct in their exercise of control over ALECIO SHIPPING in such manner that they pierced the corporate veil of ALECIO SHIPPING and disregarded the separate corporate entity of ALECIO SHIPPING, and its alter egos, instrumentalities, parents, subsidiaries, such that said persons and entities, including, but not limited to,

SHOTON   MARITIME,   SERAFIM   SOFIANTIS,   and   KONSTANTINOS PAPAGEORGIOU are liable for the debts and liabilities of ALECIO SHIPPING.

## GENERAL ALLEGATIONS

77.     At relevant times, the tugs LION and TIGER, while in the navigable waters of the United States, in violation of applicable law, posed substantial threats of discharge of oil, and at relevant times discharged oil into the navigable waters of the United States and adjoining shorelines.

78.     At relevant times, the tugs LION and TIGER, while in the navigable waters of the United States, in violation of applicable law, posed substantial threats of discharge of hazardous substances, and at relevant times discharged hazardous substances into the navigable waters of the United States and adjoining shorelines.

79.     The foregoing substantial threats of discharge of oil and hazardous substances, and the discharges of oil and hazardous substances, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the "Incident."

80.     The Incident was proximately caused, *inter alia*, by the acts, omissions, strict liability, and violations of federal construction and/or operating and/or safety regulations by the tugs LION and TIGER, their owners, crew, agents, servants, employees, and others for whom DEFENDANTS were responsible, all within the privity and knowledge of DEFENDANTS.

81.    After the DEFENDANTS failed to respond, immediately or otherwise, to the initial substantial threat of discharge and to the subsequent and actual discharge of oil into the navigable waters of the United States; the United States commenced a removal action in this matter.

82.    During the course of the removal action, the United States expended substantial "removal costs" and sustained "damages" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. 2702(b).

83.    In addition thereto, claims for reimbursement from the Fund were submitted for uncompensated response costs and damages resulting from the Incident. Acting as the Fund's Trustee, the U.S. Coast Guard's National Pollution Funds Center ("NPFC") adjudicated the claims submitted and determined that the response costs and damages claimed, concerning the discharge of oil, were compensable under the applicable law.  As a result, the NPFC processed compensation from the Fund to reimburse the additional response costs and damages claimed.

84.    The NPFC demanded reimbursement for all the outstanding response costs and damages owed by the DEFENDANTS.  Despite this demand, DEFENDANTS have failed and refused to reimburse the costs and damages for which they are liable.

85.    As a result of the Incident and as a result of failure by DEFENDANTS to pay the full costs resulting from the Incident, in excess of $4,443,017.91 remains as an unpaid balance from monies due and owing to the United States.

VERIFIED COMPLAINT                    16

86.     The precise amount of unpaid removal costs and damages sustained by the United States presently exceeds $4,443,017.91, the exact amount of said costs and damages to be established according to proof at the time of trial, plus interest, administrative charges, costs, disbursements, statutory attorneys' fees, and penalties.

87.     This Complaint herein does not presently assert claims for natural resource damages.  The United States expressly reserves the right to amend this Complaint to add such claims for natural resource damages.

88.     The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present DEFENDANTS herein.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## (OIL POLLUTION ACT OF 1990)

89.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

90.     Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*., each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

91.     Under the circumstances herein, DEFENDANTS are liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the Incident.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## (OIL POLLUTION ACT OF 1990)

92.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

93.     Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

94.     As a result of the Incident, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

95.     Pursuant to the Oil Pollution Act of 1990, DEFENDANTS are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

96.     The aforesaid unpaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently in excess of $4,443,017.91.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## (OIL POLLUTION ACT OF 1990)

97.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

98.     Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions that DEFENDANTS, any and all of them, are liable for removal costs and damages in any such subsequent action or actions.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANTS
(CERCLA, 42 U.S.C. § 9601, *et seq.*)**

99.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

100.    Pursuant to CERCLA, 42 U.S.C. § 9601, *et seq.*, including, but not limited to 42 U.S.C. § 9607, owners, operators, and other entities pertaining to vessels and facilities from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, are strictly liable for all costs, damages, and/or disbursements specified in the Act.

101.    DEFENDANTS are liable to the United States by virtue of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs, remedial costs, and other costs and damages incurred and to be incurred by the United States in connection with the threat of discharge and actual discharge of hazardous substances.

///

///

///

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST**
**DEFENDANTS**
**(Civil Penalties Under Section 311(b) of the Clean Water Act)**

102.    Plaintiff United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

103.    At all times material herein, DEFENDANTS were the owners, operators, and/or persons in charge of the Vessels within the meaning of the Clean Water Act, 33 U.S.C. § 1321(b)(7).

104.    DEFENDANTS, in violation of law, including, but not limited to, section 311(b)(3) of the Clean Water Act, 33 U.S.C. § 1321(b)(3), discharged oil and hazardous substances into the navigable waters of the United States and adjoining shorelines.

105.    Pursuant to 33 U.S.C § 1321(b)(7) and 40 C.F.R. § 19.4, DEFENDANTS are each subject to a judicially assessed civil penalty and liable to the United States in an amount to be determined at trial.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST**
**DEFENDANTS**
**(28 U.S.C. § 3001, *et seq.*)**

106.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

107.    Despite the liability, including strict liability, of defendants to the United States, all as alleged in this Complaint, on information and belief, DEFENDANTS, in breach of law, including but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, have *inter alia*, instead of

discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

108. All such actions have caused damages, as will cause damages, to the United States in an amount to be established according to proof at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (31 U.S.C. § 3713)

109. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

110. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this Complaint, on information and belief, DEFENDANTS, in breach of law, have *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

111. All such actions have caused damages, as will cause damages, to the United States in an amount to be established according to proof at trial.

112. To the extent that DEFENDANTS, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, *inter alia*, 31 U.S.C. § 3713, DEFENDANTS, and/or their officers, servants, employees, representatives,

agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are liable to the United States for the amount of any such payments.

113.   With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of such payments.

114.   The United States shall amend this Complaint to add as defendants, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1.   That United States of America be granted judgment against ALECIO SHIPPING, SHOTON MARITIME, SERAFIM SOFIANTIS, KONSTANTINOS PAPAGEORGIOU, FAM MARINE, and UNKNOWN DEFENDANTS 1-10, pursuant to the verified complaint of the United States herein;

2.   That the United States of America be granted declaratory judgment against ALECIO SHIPPING, SHOTON MARITIME, SERAFIM SOFIANTIS, KONSTANTINOS PAPAGEORGIOU, FAM MARINE, and UNKNOWN DEFENDANTS 1-10, for pollution removal costs or damages binding on any subsequent

action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3.    That the United States have judgment and such other relief as may be appropriate, up to and including the amount of judgment rendered against DEFENDANTS herein, as and against any person or entity who misused the corporate form of in such manner that they pierced the corporate veil of ALECIO SHIPPING and disregarded the separate corporate entity of ALECIO SHIPPING;

4.    That the United States have judgment and such other relief as may be appropriate, up to and including the amount of judgment rendered against DEFENDANTS herein, as and against any alter egos, instrumentalities, parents, and subsidiaries of defendant ALECIO SHIPPING, said person or entity who misused the corporate form of ALECIO SHIPPING, said alter egos, instrumentalities, parents, and subsidiaries being liable for the debts and liabilities of ALECIO SHIPPING;

5.    That the United States have constructive trusts as and against any and all assets of the DEFENDANTS, said constructive trusts being available to satisfy the amounts due and owing to the United States pursuant to the matters alleged in this Complaint;

6.    The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary; and

///

///

7.     For such other relief as the Court deems just and proper in the premises.

Dated: January 8, 2015.          JOYCE R. BRANDA
                                 Acting Assistant Attorney General
                                 MELINDA L. HAAG, United States Attorney
                                 R. MICHAEL UNDERHILL
                                 Attorney in Charge, West Coast Office


                                 s/ Vickey L. Quinn
                                 VICKEY L. QUINN
                                 Trial Attorney, U. S. Dept. of Justice


                                 Of Counsel


                                 LCDR SONYA L. LEIBOWITZ
                                 National Pollution Funds Center
                                 United States Coast Guard


                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

## VERIFICATION

Vickey L. Quinn says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 8, 2015.                    s/ Vickey L. Quinn
                                            VICKEY L. QUINN