CHAD A. READLER
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office, Torts Branch, Civil Division
U.S. Department of Justice
VICKEY L. QUINN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028,
San Francisco, CA  94102
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: vickey.l.quinn@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 15-cv-00098-HSG |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | IN ADMIRALTY |
| | ) | |
| ALECIO SHIPPING INC.; FAM | ) | |
| MARINE SERVICES, INC.; SHOTON | ) | |
| MARITIME, LTD; SERAFIM | ) | **CONSENT JUDGMENT** |
| SOFIANTIS, an individual; | ) | |
| KONSTANTINOS PAPAGEORGIOU, an | ) | |
| individual; and UNKNOWN | ) | |
| DEFENDANTS 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# I. PARTIES

This Consent Judgment is made and entered into by and among the following parties (hereinafter referred to collectively as "the Settling Parties" and individually as "Party"):

A.     Plaintiff United States of America on behalf of: the Department of Homeland Security, United States Coast Guard ("USCG"), National Pollution Funds Center ("NPFC"), and the Oil Spill Liability Trust Fund ("OSLTF");

B.     Defendants FAM Marine Services, Inc., and Konstantinos Papageorgiou ("Settling Defendants").

# II. INTRODUCTION

A.     On January 8, 2015, the United States filed a Verified Complaint under provisions of, *inter alia*, the Oil Pollution Act ("OPA"), 33 U.S.C. §§ 2701 *et seq.,* against defendants Alecio Shipping Inc. ("Alecio"); FAM Marine Services, Inc. ("FAM"), Shoton Maritime, Ltd ("Shoton"), Serafim Sofiantis ("Sofiantis"), and Konstantinos Papageorgiou ("Papageorgiou").

B.     On February 27, 2015, Defendants FAM and Papageorgiou filed an Answer (Docket No. 20) to the Verified Complaint.

C.     On February 21, 2017, Default Judgments pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure were entered against Defendants Alecio and Shoton (Docket No. 90).

D.     Based on the representations of the Settling Parties, Defendant Sofiantis is believed to be in Greece and, in any event, the United States has been unable to serve the Summons and Verified Complaint upon Sofiantis.

E.      Settling Parties United States, FAM, and Papageorgiou, by and through their respective undersigned counsel, entered into a settlement agreement that has been approved by all Settling Parties and the respective principals having full and final settlement authority.

F.      The Settling Parties agree, and the Court, by entering this Consent Judgment finds, that the Settling Parties' settlement and this Consent Judgment effectuating the settlement has been negotiated by the Settling Parties in good faith, and that it is fair and reasonable.

**NOW THEREFORE, WITH THE UNDERSIGNED CONSENTS OF THE SETTLING PARTIES, IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:**

### III.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1345, and OPA, 33 U.S.C. § 2717(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 33 U.S.C. § 2717(b).  The Court has personal jurisdiction over the Settling Defendants, who do not contest the Court's jurisdiction and do not contest the propriety of venue in this judicial district.

### IV.      APPLICABILITY

2.      The obligations of this Consent Judgment apply to and are binding upon the Settling Parties, and each of them, and upon the Settling Defendants' successors, assigns, or other entities or persons otherwise bound by law.

### V.      SETTLEMENT

3.      Judgment shall be, and the same is, entered in favor of the United States and against Settling Defendants FAM Marine Services, Inc., and Konstantinos Papageorgiou, jointly and severally, in the principal amount of $225,000 (Two Hundred

Twenty-Five Thousand Dollars, and Zero Cents), plus simple interest of 2.5 % *per annum*

on any unpaid portion of the foregoing principal amount of $225,000, said principal

amount to be paid as follows:

(a)     An up front initial payment of $15,000 (the "Initial Payment") to paid to the

United States within 90 days of the Court's execution of this Consent Judgment;

(b)     In addition to the foregoing Initial Payment, Semi-Annual Payments (2

payments per year) shall be made to the United States as follows:

        (i)     Years 1-4 = $12,500 each payment (Total = $100,000 for Years 1-

4);

        (ii)     Years 5-7 = $21,479 each payment (Total = $130,495 Years for 5-

7);

        (iii)     The Semi-Annual Payments (the Semi-Annual Payment Dates) shall

            be due each year on January 15th and July 15th.  The first Semi-

            Annual Payment shall commence on the earliest Semi-Annual date

            following 90 days after the payment of the Initial Payment of

            $15,000;

4.     No pre-payment penalties apply.

5.     The foregoing monetary obligation of $225,000, plus accrued interest, is a

joint and non-severable debt and obligation of Settling Defendants FAM and

Papageorgiou to the United States.  Thus, in the event of default and/or non-payment of

any portion of the debt by one of the Settling Defendants, the other Settling Defendant

shall not be relieved from paying the full sum remaining to be paid from the original

amount of principal and interest, less amounts previously paid down as of the date of default or non-payment.

6. All payments shall be made in U.S. Dollars ($) and shall be made payable to "**United States Dept. of Justice**" and shall be identified by reference to "U.S. v. Alecio Shipping, FAM Marine, Papageorgiou, et al., DJ No. 62-1102", and sent to the following:

If sent by regular, certified, or registered mail:

Attn:   Attorney in Charge
            Vickey L. Quinn, Trial Attorney
West Coast Office
Torts Branch, Civil Division (Admiralty)
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463

If sent by overnight mail, e.g., FedEx, UPS:

Attn:   Attorney in Charge
            Vickey L. Quinn, Trial Attorney
West Coast Office
Torts Branch, Civil Division (Admiralty)
U.S. Department of Justice
7th Floor, Room 7-5395
450 Golden Gate Avenue
San Francisco, California  94102-3463

7. With respect the payments set forth in Section V, sub-paragraphs (a) and (b) above, the Settling Defendants shall have a 30 (thirty) day grace period on each such payment.

8. In the event that the Settling Defendants, or either of them, fail to make full amount of payment of the Initial Payment ($15,000) or any Semi-Annual Payment thereafter in accordance with the schedules and grace periods set out above (any such non-payment(s) to constitute a "Default"), then the full amount of the $225,000 and

accrued interest awarded by this Consent Judgment shall immediately be accelerated, due, owing, and payable to the United States without further notice or demand, plus interest continuing to accrue, plus costs, plus the United States' attorneys' fees, less any amounts paid up to the time of the missed payment date/Default.

9.      If the Settling Defendants fully and completely comply with all terms and final payment provisions specified in this Consent Judgment, then, notwithstanding any other provision in this Consent Judgment regarding the total Consent Judgment entered in the amount of $225,000, the United States shall, upon request, file a Satisfaction and Discharge of this Consent Judgment herein as against the Settling Defendants.

## VI.     ADDITIONAL MONETARY CONDITIONS TO BE ENFORCED UPON THE HAPPENING OF CERTAIN CONTINGENCIES

10.     If the real estate owned at 2910 Ocean Mist Court, Seabrook, Texas, is sold over the course of the settlement period, Settling Defendant Papageorgiou shall pay the United States 50% of any net sales proceeds. Net sales proceeds are defined as gross sales proceeds less any outstanding mortgages, less sales commissions, less any other sales related expenses. No mortgages, liens, or encumbrances of any kind may be placed upon said property without prior written notice to, and the written approval of, the United States. In determining whether to grant approval to such a proposed mortgage, lien, or encumbrance on the said property, the United States will give particular consideration to such request(s) in the event that Defendant Papageorgiou warrants to  the United States' satisfaction that the purpose of requested encumbrance is to be used as security for necessary maintenance and repairs to the said property and/or for loans of funds to be used to pay for necessary medical services and related health care expenses for Settling Defendant Papageorgiou, his wife (Marilyn Papageorgiou), his daughter

(Angela Marie Papageorgiou), or his mother-in-law (Mary Ann Hendron). By signing this agreement, Settling Defendant Papageorgiou expressly warrants that there are currently no liens, mortgages, or other encumbrances on said property.

11.    Except as provided in paragraph 10 above, if either or both Settling Defendants place liens, encumbrances, or mortgages on the aforesaid real property without the express written consent of the United States, such action(s) shall be a condition of Default and entitle the United States to take the actions described above in Section V in the event of Defaults.

12.    The foregoing payment in paragraph 10 above shall be in addition to any and all sums set forth in Section V above, *i.e.,* they shall be in addition to the foregoing $225,000 principal obligation set forth in Section V.

## VII.    ADDITIONAL CONDITIONS

13.    If real estate owned at 6601 Springer St., Houston, Texas, is sold over the course of the settlement period, Settling Defendant FAM agrees to pay the United States 50% of any net sales proceeds, said proceeds to be used to pay down any remaining principal and accrued interest then remaining due and owing on the original $225,000 obligation set forth in Section V above. Net sales proceeds are defined as gross sales proceeds less any outstanding mortgages, less sales commissions, less any other sales related expenses.  No mortgages, liens, or encumbrances of any kind may be placed upon said property without prior written notice to, and the written approval of, the United States, approval for which will not be unreasonably withheld by the United States *(i.e.* as examples only, said encumbrance(s) requested as security for necessary maintenance and repairs to the said property and/or for loans of funds to be used to pay for necessary medical services and related health care expenses for Settling

Defendant Papageorgiou, his wife Marilyn Papageorgiou, his daughter Angela Marie Papageorgiou, or his mother-in-law, Mary Ann Hendron.)

14. If Settling Defendant Papageorgiou receives any payments from Settling Defendfant FAM on the shareholder loan during the settlement period, Settling Defendant Papageorgiou agrees to pay the United States 25% of any and all such payments, said proceeds to be used to pay down any remaining principal and accrued interest then remaining due and owing on the original $225,000 obligation set forth in Section V above.

## VIII.   SECURITY AND DEFAULT

15. As part of the settlement and this Consent Judgment, the United States shall take a first priority mortgage lien on the property at 2910 Ocean Mist Court, Seabrook, Texas, said mortgage to secure the full amount of principal and interest on the obligation of $225,000 set forth in Section V above.

16. Except as specifically stated in paragraph 17 below, in the event of Default on any payment obligation under this settlement agreement, the United States shall have the right to foreclose and sell said property and apply the proceeds of sale to any and all such sums then remaining due and owing by Settling Defendants FAM and Papageorgiou.

17. If, however, a Default on any payment obligation under the settlement and this Consent Judgment is occasioned by the involuntary incapacitation of Settling Defendant Papageorgiou resulting in his inability to make such payments, then the right of the United States to foreclose and sell said property and apply the proceeds of sale to any and all such sums then remaining due and owing by Settling Defendants FAM and Papageorgiou as provided in paragraph 16 above, shall be suspended and held in abeyance until the passing(s)

of Marilyn Papageorgiou, Mary Ann Hendron, and Defendant Papageorgiou, who otherwise shall have a life estate in the residence at 2910 Ocean Mist Court, Seabrook, Texas.

## IX.    ACCEPTANCE OF RESPONSIBILITY OF RESPONSIBLE PARTIES

## UNDER OPA

18.    Pursuant to the requirements of Section 1017(f)(2) of OPA, 33 U.S.C. § 2717(f)(2), the Settling Defendants acknowledge and stipulate, for purposes of giving effect to this Consent Judgment and to satisfy the requirements of § 1017(f)(2) of OPA, 33 USC § 2717(f)(2), that they are Responsible Parties within the meaning of OPA.

## X.    NOTICES

19.    Unless otherwise specified herein, whenever modifications, submissions, or communications are required by this Consent Judgment, they shall be made in writing and addressed as follows:

To the United States:

      Re: DOJ Number 62-1102
      Attn:  R. Michael Underhill (mike.underhill@usdoj.gov)
            Attorney in Charge
            Vickey Quinn (vickey.l.quinn@usdoj.gov
            Trial Attorney
      West Coast Office and Pacific Rim Office
      Torts Branch, Civil Division
      United States Department of Justice
      7th Floor Federal Building, Room 7-5395
      P.O. Box 36028
      450 Golden Gate Avenue
      San Francisco, California  94102-3463
      Tel: 415-436-6630
      Fax: 415-436-6632

And to:

      Re: FPN No. A12002
      National Pollution funds Center
      Attn:  Director, National Pollution Funds Center
            LaCresha Johnson

4200 Wilson Blvd., Ste. 1000
Arlington, VA 22203-1804
1-800-280-7118

To Settling Defendants FAM and Papageorgiou:

Joseph A. Walsh II (Joe.Walsh@Clydeco.us)
Clyde & Co.
301 East Ocean Boulevard, Suite 1550
Long Beach, CA, 90802
Tel: 562-317-3300
Fax: 562-317-3399

20.     Any Settling Party may, by written notice to other Settling Parties, change its

designated notice recipient or notice address provided above.

21.     Notices submitted pursuant to this Section shall be deemed submitted upon

mailing, unless otherwise provided in this Consent Judgment or by mutual agreement of the

Settling Parties in writing.

## XI. <u>EFFECTIVE DATE</u>

22.     The Effective Date of this Consent Judgment shall be the date of the Entry of this

Consent Judgment by the Court.

## XII.     <u>RETENTION OF JURISDICTION</u>

23.     The Court shall retain jurisdiction over this case until termination of this Consent

Judgment, for the purpose of effectuating or enforcing compliance with the terms of this Consent

Judgment.

## XIII.     <u>MODIFICATION</u>

24.     The terms of this Consent Judgment may be modified only by a subsequent

written agreement signed by all Settling Parties.  Where the modification constitutes a material

change to any term of this Consent Judgment, it shall be effective only upon approval by the Court.

### XIV. SIGNATORIES/SERVICE

25.     Each undersigned representative of the Settling Defendants, together with the attorneys for the United States, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind the respective Settling Party he or she represents to the terms of this Consent Judgment.

### XV. INTEGRATION

26.     With the exception of the limited class of documents specified in paragraph 27 below, this Consent Judgment constitutes the final, complete, and exclusive agreement and understanding among the Settling Parties with respect to the settlement embodied in the Consent Judgment, and this Consent Judgment supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied therein. No other document, nor any representation, inducement, agreement, understanding, or promise (other than documents specified in paragraph 27 below), constitutes any part of this Consent Judgment or the settlement it represents, nor shall it be used in construing the terms of this Consent Judgment.

27.     As set forth in Section VIII, paragraph 15 above, as part of the settlement and this Consent Judgment the United States shall take a first priority mortgage lien on the property at 2910 Ocean Mist Court, Seabrook, Texas, said mortgage to secure the full amount of principal and interest on the obligation of $225,000 set forth in Section V above. In order to give effect to the United States' rights thereunder, the Settling Parties shall draft, exchange,

execute and file, as appropriate, the necessary documents to give full force and effect to the United States' rights under said Section VIII, paragraph 15.

## XVI.   **FINAL JUDGMENT**

28.     The Court hereby determines that there is no just reason for delay of entry of this Judgment and, upon approval and Entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment of the Court, in accordance with Rules 54 and 58 of the Federal Rules of Civil Procedure.

IT IS SO ADJUDGED.

Dated:  August 31, 2017


_Haywood S. Gill, Jr._
UNITED STATES DISTRICT JUDGE


//

//

//

//

//

//

//

//

//

1 //

2 //

3 //

4 //

5 //

6

7       THE UNDERSIGNED SETTLING PARTIES enter into this Consent Judgment in

8 the matter of UNITED STATES OF AMERICA v. FAM MARINE SERVICES, INC.;

9 KONSTANTINOS PAPAGEORGIOU, *et. al*:

10

11 FOR THE UNITED STATES OF AMERICA:

12

13 Date: August 23, 2017.                    CHAD A. READLER
                                            Acting Assistant Attorney General
14                                          R. MICHAEL UNDERHILL
                                            Attorney in Charge
15                                          West Coast Office, Torts Branch, Civil Division
16                                          U.S. Department of Justice

17
                                            /s/ Vickey L. Quinn
18                                          VICKEY L. QUINN
                                            Trial Attorney
19                                          Torts Branch, Civil Division
                                            U.S. Department of Justice
20

21                                          Attorneys for Plaintiff
22                                          United States of America

23 FOR FAM MARINE SERVICES, INC., AND KONSTANTINOS PAPAGEORGIOU:

24

25 Date: August 23, 2017.                    CLYDE & CO.

26                                          /s/ Joseph A. Walsh II
27                                          Joseph A. Walsh II
                                            Ellen McGlynn
28                                          Conte Cicala

Attorneys for Settling Defendants
FAM MARINE SERVICES, INC., and
KONSTANTINOS PAPAGEORGIOU